## Case No. 5,579.

GOODYEAR et al. v. MULLEE et al.

[3 Fish. Pat. Cas. 420.] [1]

Circuit Court, E. D. Pennsylvania. May, 1868.

PATENTS—INDIA RUBBER—DECREE MORE PERSUASIVE THAN VERDICT—INJUNCTION—PLEADING—IMPROVEMENTS.

1. The term "India rubber" has been used as a generic name for gums having the qualities of caoutchouc.

2. Nelson Goodyear might claim as his invention, a new and useful art or manufacture hitherto unknown and of immense value and importance.

---

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

3. A decree of a court of chancery has some value, and is more persuasive evidence than the verdict of a jury.

4. It is immaterial whether the answer be received as an affidavit or as an answer upon a motion for a preliminary injunction when the facts relied upon in rebuttal are sufficient to refute, but, it is not necessary to entitle the complainant to an interlocutory injunction that there should be a special prayer for such process, where the bill shows a prima facie case for an injunction.

5. The complainant may rebut by proper testimony any allegations made in the affidavits of the respondent in answer to the motion.

[Cited in Farmer v. Calvert Lithographing Co., Case No. 4,651.]

6. An improvement on a patented invention may entitle the party making it to a patent, but he can not pirate the original invention.

This was a bill in equity filed [by Henry B. Goodyear and Conrad Poppenhusen] to restrain the defendants [William Mullee, J. H. McLellan, H. M. Hover, and others] from infringing letters patent [No. 8,075] for an "improvement in the manufacture of rubber," granted to Nelson Goodyear, May 6, 1851, and reissued and extended to Henry B. Goodyear, administrator, in two divisions known as reissues 556 and 557, and more particularly referred to in the cases of Goodyear v. New York Gutta Percha Comb Co. [Case No. 5,580], and Goodyear v. Mullee [Id. 5,577]. The defendants were charged with infringing this patent by the manufacture and sale of combs made of hard rubber. They relied in evidence upon a patent granted to William Mullee, dated March 31, 1868, for a process of making hard rubber, and offered affidavits to show that they used a larger proportion of sulphur to the rubber than was described in Nelson Goodyear's patent.

Edwin L. Abbett and George Harding, for complainants.

Furman Shepherd, for defendants.

GRIER, Circuit Justice. I do not think it necessary to notice the very numerous questions which have been argued and commented upon by the learned counsel. I shall only state the conclusions I have arrived at, without attempting to vindicate them by argument.

1. The complainant sets forth certain patents for what he calls "a new and useful improvement in the manufacture of India rubber." This has been used as a sort of generic name for gums having the qualities of caoutchouc. In fact, he might claim to have invented a new and useful art or manufacture hitherto unknown, and of immense value and importance. He has been in possession of his monopoly for many years; the originality of his claim, and his sole right to use it, has been tested by numerous litigations with infringers and decrees of the courts, as set forth in his bill. A decree of a court of chancery has some value, and is more persuasive evidence than the verdict of a jury.

2. The recital of these facts is sufficient to entitle the complainant to his preliminary injunction. This motion has been postponed at the request of the respondent's counsel, and an answer has been filed in the meantime. Whether that answer be received only as an affidavit or not is not very material under the circumstances, as the facts relied upon in rebuttal completely refute it.

It is objected to the sufficiency of the bill to entitle complainant to an interlocutory injunction, that there is no special prayer for such process, or no recital of the facts that are shown in aggravation of the respondents' conduct. But this objection can not be supported. The bill shows a prima facie case for an injunction.

The complainant when he gave notice of his application, could not know what defense would be alleged in the affidavits of respondent. He has a right, therefore, to rebut by proper testimony any allegations so made or defense set up against the motion. The fact that complainant's counsel read all his testimony in opening his case, was of no importance if such facts could be adverted to in any stage of the argument.

The other facts used in rebuttal or by way of cumulative aggravation of the respondents' conduct, should act as an equitable or moral estoppel to the pretences set up by them.

1. That not only had all the questions as to the validity of the complainants' patents been settled by decrees of courts of equity in numerous cases, but that in a bill to restrain Mullee himself from infringing their patents, a decree was given against him.

2. That he obstinately continued to infringe.

3. That he was imprisoned for contempt of court for such conduct.

4. That in consideration that the complainant would release him from damages that might be recovered against him, he covenanted that he would no more contest his title, and cease from all interference. This was in New York.

5. Another injunction was afterward issued from this court.

6. That his operatives resisted the marshal in the service of the process of the court and were indicted and punished for so doing.

7. That all the questions now raised were fully discussed and tried between the present parties in the patent office, where a patent was given to respondent for some improvement in the process, which was admitted by his counsel and decided by the commissioner, would be servient and subordinate to the complainant's patent.

8. An improvement on a patented invention may entitle the party making it to a patent, but he can not pirate the original invention.

9. The objection that the bill is not filed by p oper parti s is witho.t founda.ion ei.her in law or in fact.

10. This obstinate and persistent attempt to infringe complainant's rights and to hinder the injunction is accounted for by the fact that the party is insolvent and damages cannot be recovered of him.

Justice demands that the injunction issue according to the prayer of the bill.

[For other cases involving this patent, see note to Goodyear v. Mullee, Case No. 5,577.]